UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUINNE POWELL,  :  | |
|     Petitioner,  :  | |
| :  | |
| v.  :  | CASE NO. 3:16-cv-929 (VAB) |
| :  | |
| UNITED STATES OF AMERICA,  :  | |
|     Respondent.  :  | |

**ORDER OF TRANSFER**

      Convicted in this Court (Nevas, J.) of eight counts, including charges of racketeering, RICO conspiracy, drug conspiracy, obstruction of justice, witness tampering, and conspiracy to commit money laundering, Petitioner Quinne Powell is serving five concurrent life sentences, two concurrent ten-year sentences, and one concurrent twenty-year sentence, and is incarcerated at the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia.  For the second time, Mr. Powell has filed a petition for writ of habeas corpus challenging his conviction.

      On December 31, 2009, Mr. Powell filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 challenging his conviction.  On May 26, 2011, this Court (Dorsey, J.) signed an order denying the petition on the merits. *See Powell v. United States*, No. 3:09-cv-2141, Doc. No. 21 (D. Conn.).  This Court (Burns, J.) denied Mr. Powell's motion for reconsideration of this decision on October 10, 2014.  *See id.*, Doc. No. 45.  On May 20, 2015, the Second Circuit issued a mandate dismissing Mr. Powell's appeal of both these denials.  *See id.*, Doc. No. 53.  Mr. Powell now has filed the present federal habeas petition, purportedly under 28 U.S.C. § 2241.  In it, Mr. Powell argues that two recent Supreme Court decisions have substantively changed the law and that the conduct for which he was convicted no longer constitutes criminal offenses.

>Under the "gatekeeping provisions" of section 2255, a federal prisoner
>
>may only bring a second (or 'successive') motion to vacate, set aside, or correct a federal conviction or sentence . . . if a Court of Appeals certifies, as provided in § 2244, that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Love v. Menifee*, 333 F.3d 69, 72 (2d Cir. 2003).  The statutes do not define "second or successive."  Nevertheless, courts considering this question have held that for a petition to be "second or successive," the first petition must have been decided on the merits.  *See Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005).

This requirement is jurisdictional.  *See Cianfarano v. U.S. Gov't*, 585 F. Supp. 2d 360, 371 (E.D.N.Y. 2008); *cf. Burton v. Stewart*, 549 U.S. 147, 149, 152, 157 (2007) (per curiam) (ruling in section 2254 case); *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (same).  Mr. Powell's filing, however, fails to include certification from the Court of Appeals authorizing him to file a second or successive petition in the district court.  Since Mr. Powell's first federal petition had been decided on the merits, this Court lacks jurisdiction to entertain a second or successive section 2255 petition filed without authorization.

While Mr. Powell has framed this present petition as one made under section 2241 rather than section 2255, "[i]t is well-settled that a district court may convert a § 2241 petition to a § 2255 motion in appropriate circumstances." *Ching v. United States*, 298 F.3d 174, 176 (2d Cir. 2002).  As discussed below, the Court construes the present petition as a section 2255 motion.

A petition filed under 28 U.S.C. § 2241 may be used to challenge the execution of a federal sentence.  *See Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Proper challenges under section 2241 include claims that the Bureau of Prisons has improperly

calculated sentence credit for other periods of detention, that parole was improperly denied, or that conditions of confinement are unconstitutional. *See Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003). On the other hand, a motion filed under 28 U.S.C. § 2255 is the proper vehicle for a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a). *See id.*, 333 F.3d at 377-78 (noting general rule that federal prisoner must use section 2255 rather than section 2241 to challenge constitutionality of the imposition of conviction or sentence).

Under section 2241, a habeas petitioner can seek relief to challenge the imposition of his sentence only if the remedy provided by section 2255 is "inadequate or ineffective" to test the legality of his detention and the "failure to allow for collateral review would raise serious constitutional questions." *Middleton v. Schult*, 299 F. App'x 94, 95 (2d Cir. 2008) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)) (internal quotation marks omitted). A section 2255 motion is not "inadequate or ineffective" merely because the petitioner does not meet the stringent gate-keeping requirements of section 2255. *See Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001); *Bryce v. Scism*, No. 3:09-cv-2024, 2010 U.S. Dist. LEXIS 131927, *6, 2010 WL 5158559, *3 (D. Conn. Dec. 13, 2010). Rather, the exception provided under section 2255 is extremely narrow and has been held to apply only in unusual situations. *See Bryce*, 2010 U.S. Dist. LEXIS 131927, *6-8, 2010 WL 5158559, *3 ("The Second Circuit has recognized the exception in only one circumstance: cases involving prisoners who (1) can prove actual innocence on the existing record, and (2) could not have effectively raised their claims of innocence at an earlier time."). Mr. Powell has not demonstrated that section 2255 is inadequate or ineffective to obtain the relief he seeks.

Because the present petition is properly construed as a second or successive petition under section 2255, the Court is without jurisdiction to rule on it and must transfer it to the Second Circuit for its consideration.  *See Cianfarano*, 585 F. Supp. 2d at 371; *cf. Jiminian*, 245 F.3d at 148.

Accordingly, the Clerk is directed to transfer this case to the Court of Appeals for the Second Circuit for consideration whether the claims raised in this petition should be considered by this Court.

**SO ORDERED** this 30th day of June, 2016, at Bridgeport, Connecticut.


　　/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge