UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

QUINNE POWELL,
　　　Petitioner,

　　　v.                                              No. 3:16-cv-929 (VAB)

UNITED STATES OF AMERICA,
　　　Respondent.

## RULING ON MOTION FOR RECONSIDERATION

Petitioner Quinne Powell moves for reconsideration of the Court's June 30, 2016 order transferring his second petition for writ of habeas corpus under 28 U.S.C. § 2255 to the Second Circuit for its consideration of whether to authorize the filing of a second or successive section habeas petition.  For the reasons stated herein, the motion is **DENIED**.

### Procedural Background

Convicted in this court (Nevas, J.) of eight counts, including charges of racketeering, RICO conspiracy, drug conspiracy, obstruction of justice, witness tampering, and conspiracy to commit money laundering,  Mr. Powell is serving five concurrent life sentences, two concurrent ten-year sentences, and one concurrent twenty-year sentence at the Federal Correctional Institute Hazelton in Bruceton Mills, West Virginia.

On December 31, 2009, Mr. Powell filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 challenging his conviction.  This Court (Dorsey, J.) denied the petition on the merits in an order signed on May 26, 2011.  *See* Ruling Denying Motion to Vacate, *Powell v. United States*, No. 3:09-cv-2141 (D. Conn. June 2, 2011), ECF No. 21.  Subsequently, Mr. Powell filed the present federal habeas petition on June 14, 2016, purportedly under 28 U.S.C. §

2241, arguing that two recent Supreme Court decisions have substantively changed the law and

that the conduct for which he was convicted no longer constitutes criminal offenses.

This Court construed the present habeas petition as a second or successive motion under

section 2255.  Although the petitioner framed the present petition as one made under section

2241, this Court construed his petition as one under section 2255 because Mr. Powell was

challenging the constitutionality of the imposition of his sentence and section 2241 petitions can

only be used to challenge the execution of a federal sentence.  *See* Order of Transfer, *Powell v.*

*United States*, No. 16-cv-929 (D. Conn. June 30, 2016), ECF No. 3.  A petitioner may only use

section 2241 to challenge the imposition of his sentence in when the remedy provided by section

2255 is inadequate or ineffective to test the legality of his detention.  The Second Circuit has

only recognized this exception in one context, "cases involving prisoners who (1) can prove

actual innocence on the existing record and (2) could not have effectively raised their claims of

innocence at an earlier time."  *Bryce v. Scism*, No. 3:09-cv-2023, 2010 WL 5158559, at *3 (D.

Conn. Dec. 13, 2010) (quoting *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997)).

This exception did not apply to Mr. Powell's petition.  Mr. Powell's 2009 habeas petition was

decided on the merits, making the 2016 petition a second or successive motion under section

2255.

Because Mr. Powell filed the second petition without first obtaining the authorization of

the Second Circuit, as is required under section 2255, this Court was without subject matter

jurisdiction to consider the petition.  Under section 2255, the Second Circuit must certify that a

successive petition contains "(1) newly discovered evidence that, if proven and viewed in light of

the evidence as a whole, would be sufficient to establish by clear and convincing evidence that

no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable." 28 U.S.C. § 2255. This court therefore transferred this case to the

Second Circuit for its certification. *See* Order of Transfer, *Powell*, No. 16-cv-929, ECF No. 3.

## Discussion

Mr. Powell's pending motion is a motion for reconsideration under Rule 59(e) of the

Federal Rules of Civil Procedure. The Court may only grant a motion for reconsideration if the

"moving party can point to controlling decisions or data that the court overlooked" and "that

might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995). Mr. Powell's motion for reconsideration

merely states, in a conclusory fashion, that this Court erred in transferring the case to the Second

Circuit. *See* Motion for Reconsideration, *Powell*, No. 16-cv-929, ECF No. 4. It does not cite to

any controlling law or other information that could alter the conclusion that transfer to the

Second Circuit was proper. His 2016 habeas petition is, in fact, a successive petition under 28

U.S.C. § 2255 that must be certified by the Second Circuit before this Court can have subject

matter jurisdiction to consider it. This Court must, therefore, deny the motion for

reconsideration.

## Conclusion

For the foregoing reasons, Mr. Powell's motion for reconsideration is DENIED.

SO ORDERED at Bridgeport, Connecticut, this 8th day of August, 2016.


                                          /s/ Victor A. Bolden
                                          Victor A. Bolden
                                          United States District Judge

3